Mr. Don A. Eilbott, Chairman Jefferson County Board of Election Commissioners Jefferson County Courthouse Barraque and Main Streets Pine Bluff, AR 71601
Dear Mr. Eilbott:
This is in response to your request for an opinion regarding the procedure to be followed in connection with two races in which no candidate received a majority of the votes cast. You note that a runoff election will be necessary, and you have asked the following question in this regard:
 Are we required to draw for new positions on the ballot for these two races? That is, do we hold a new ballot drawing to determine which of the two remaining candidates is listed first and which is listed second in ballot position? If we are not required to do so, then do we use the positions which were used in the November 8, 1994, election such that if a person had drawn first ballot position at that time they would continue to use the first ballot position and if they had drawn the third ballot position at that time they would move up to the second ballot position?
It is my opinion that the answer to the first part of this question is "no." There is no procedure for a new drawing to determine ballot positions in the runoff elections. The answer to the second part of your inquiry is, in my opinion, "yes." The ballot positions in the November 8, 1994, general election should be used in the runoff elections. If one of the candidates drew the third position, that individual should be moved up to the second position.
This conclusion is compelled by a review of A.C.A. §§ 7-5-106 and -208 (Repl. 1993). Subsection (a) of § 7-5-106 states, with respect to runoff elections, that the names of the two candidates receiving the highest number of votes, but not a majority, "shall be placed on the ballot to be voted upon by the qualified electors of the county or the municipality, as the case may be." Subsection (c) states that this Code section is "in addition to and supplemental to" the general election laws. There is no provision under this section for a redrawing for ballot position.
Section 7-5-208(h)(4) sets forth the only provision in the general election laws for selecting the order on the ballot. It states:
 The order in which the names of the respective candidates shall appear on the ballots shall be determined by lot at a public meeting of the county board of election commissioners not less than thirty-five (35) days prior to the general elections; it is expressly understood and provided that the selection on the order of the ballot in all other elections shall be and remain as provided by law.
It is thus clear that the procedure under § 7-5-208 for determining the order on the ballot applies to generalelections. The remaining clause regarding the "selection on the order of the ballot in all other elections" may, in my opinion, reasonably be construed to reflect legislative intent for the order as selected in the general election to apply in other elections. Or in any event, because there is no provision for a new selection in other elections, it must be concluded that the order as determined in the general election will continue to apply. Moving the third ballot position up to the second position in the runoff is, in my opinion, warranted to avoid confusion that might otherwise result if the second position is left blank.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh